Arthur J. LEWIS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4213)

Trial was held August 16, 1999, in the courtroom of the Oregon Tax Court, Salem.

Arthur J. Lewis Plaintiff (taxpayer) argued the cause via telephone *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered October 4, 1999.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from Defendant Department of Revenue's (the department) Opinion and Order No. 97-0005 upholding an assessment of additional personal income taxes, penalties, and interest for 1993. Taxpayer claims that the department misapplied his 1991 refund to a debt when it should have applied it as an estimated tax payment for 1992. If the department had applied the refund as a

1992 estimated tax payment, then there would have been no carryover deficiency for 1993. In response, the department asserts that taxpayer failed to exhaust his administrative remedies and is not entitled to prevail on the merits.

## FACTS

Taxpayer filed his 1991 personal income tax return in August 1992. The return showed withholding tax credits of $3,216 but no estimated tax credits. The return self-assessed net income taxes of $2,146, resulting in a refund of $1,070. The amount $1,070 was inserted in the box on Line 51, indicating that it was to be applied as a 1992 estimated tax payment. However, the return was in error. Although no estimated tax credits were shown on the 1991 return, a refund of $1,368 on taxpayer's 1990 return had been applied as an estimated tax payment for 1991. When the department processed the 1991 return, it discovered this error. The question then became: Should the $1,368 be refunded or applied as an additional estimated tax payment for 1992?

When a specific amount is inserted in the box on Line 51, as a matter of policy, the department refunds any excess taxes to the taxpayer. In this instance, taxpayer did not actually receive the $1,368 because it was applied against taxes owing for 1981. It is not clear why this caused a domino effect, leaving 1993 with a deficiency. If taxpayer was unaware of the $1,368 estimated payment from 1990, then how could he rely upon it being carried over to 1992 and then to 1993? The only reasonable explanation appears to be that taxpayer and his accountant were aware of it but failed to show it on the 1991 return.

Taxpayer testified that since he does not understand tax matters well, he has always used a certified public accountant. Moreover, during all relevant years he was represented by an attorney. Any tax notices or information sent to him by the department would have been hand delivered to his attorney. He assumed or believed that his attorney was handling matters for him with the department. However, taxpayer made no appeals, objections, or any responses to the notices sent to him explaining adjustments made and applying the 1991 tax refund to the 1981 taxes owing. In fact, after

taxpayer filed his administrative appeal with the department regarding his 1993 income tax assessment, he failed to respond to the department's request for a completed questionnaire and telephone number. Eventually the department dismissed his appeal for failure to cooperate.

## ANALYSIS

■ Taxpayer testified that the department should have known that he intended to apply all refunds to his estimated taxes. He contends that the department should have known that because every year he has applied any refund to the estimated taxes for the subsequent year. That testimony is consistent with the records introduced at trial indicating that taxpayer's 1990 return had a refund of $1,368 applied as an estimated tax payment on taxpayer's 1991 return. Thus the problem arose because taxpayer's 1991 return did not show the estimated tax payment for 1990. Whether the accountant missed it or did not know of it is not clear. Whatever the reason, the error left the department with the question of what to do with the $1,368. Based on its policy, which is consistent with the statutes, it treated the $1,368 as a refund and applied it to the amount owing on taxpayer's 1981 obligation.

■ The evidence also shows that taxpayer failed to meet his obligations to resolve this dispute at the administrative level. Whether taxpayer relied upon his attorney or not, no information was given to the department. By failing to respond to the department's requests, taxpayer foreclosed himself from further appeals. Consequently, the court concludes that taxpayer failed to exhaust his administrative remedies.

In summary, the court finds that the department did not misapply taxpayer's excess tax payments, and the assessment for 1993 must be upheld. Further, the court finds that taxpayer failed to exhaust his administrative remedies and his claim may be dismissed on that ground alone. Judgment will be entered consistent with these findings. The department to recover its costs and disbursements.